Dykman, J.
It is the object of this action to compel the specific performance of a written contract for the exchange of real estate.
The defendant alleges the imperfection of the title of the plaintiff to the premises he proposes to convey in consummation of the contract, but there seems to be no substantial foundation to his objection.
There never has been any dispute respecting the location of the legal title to the property which the plaintiff proposes to convey, but the contention of the defendant is that the plaintiff divested himself of the fee by the execution of the paper called the declaration of trust, dated July 15» 1878. But the apprehension of the defendant is entirely unwarranted. That instrument so executed by the defendant three days after he become vested with the fee declared certain other persons to be equally interested with the defendant in all the benefits and advantages to be derived from the conveyance of the property to him.
It was not the office of that instrument to impress a trust upon the property or to operate as a defeasance to the plaintiff’s deed of conveyance. Its legal effect was to admit the persons designated to equality with the plaintiff in the *688 benefits derived from the conveyance upon the theory of its absolute and indefeasible character.
The character and sufficiency of the plaintiff’s title being the only question involved in this appeal it does not require further pursuit or examination.
The judgment should be affirmed, with costs.
Pratt, J., concurs; Barnard, P. J., not sitting.